Entered on Docket
September 21, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COLUSA MUSHROOM, INC.,             No. 05-12180

                    Debtor(s).
_____/

RICHARD K. SCHULTZE, et al.,

                    Plaintiff(s),

             v.                                   A.P. No. 11-1118

DAVID N. CHANDLER, SR., et al.,

                    Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      Defendant David N. Chandler, Sr., was the attorney for the Official Creditors Committee in the Chapter 11 proceedings commenced by debtor Colusa Mushroom, Inc., in 2005. Chandler's employment was approved by the court pursuant to § 1103(a) of the Bankruptcy Code.

      Plaintiffs Richard K. Schultze, et al., were members of the Official Creditors Committee. After conversion of the case to Chapter 7, they commenced action as individuals against Chandler and his professional corporation in state court for malpractice.[1] They allege that Colusa's plan of reorganization called for the sale of its business to a third party with the Colusa taking back a note for

---

[1] Conversion to Chapter 7 dissolved the Committee. 11 U.S.C. § 103(g); *In re Great Northern Paper, Inc.*, 299 B.R. 1, 5 (D.Me.2003).

1  part of the purchase price. The note was to be secured by the business assets. They allege that the
2  attorney for Colusa negligently failed to file a financing statement to perfect the security interest, and
3  that Chandler had a duty to make sure the security interest was properly perfected. Plaintiffs allege
4  that they suffered damages as a result. Chandler removed the action to this court. His motion to
5  dismiss is now before the court. Chandler advances several arguments based on federal law for
6  dismissal of the case. However, because the court determines that Chandler owed no duty to plaintiffs
7  under state law, it will grant his motion without addressing the federal issues.

8  The court begins its analysis by noting that Chandler was not plaintiffs' lawyer. "A
9  professional retained by a committee represents the committee and only the committee, and the
10  professional's fiduciary duty runs solely to committee." 7 **Collier on Bankruptcy** (16th Ed), ¶
11  1103.03[7]. Plaintiffs argue that under California law Chandler is liable to them even though he was
12  not their lawyer. The court interprets California law differently.

13  Traditionally, the law in California was that only a client could sue an attorney for professional
14  negligence. See *Hall v. Kalfayan,* 190 Cal.App.4th 927, 933 (2010); *Chang v. Lederman,* 172
15  Cal.App.4th 67, 76 (2009). That is still a requirement for a malpractice suit in most areas of California
16  law. 7A **Cal.Jur.3d,** Attorneys at Law, §644 ["An attorney's duty to his or her client depends on the
17  existence of an attorney-client relationship."] However, in *Biakanja v. Irving,* 49 Cal.2d 647 (1958),
18  the court carved out an exception to the rule in probate-related cases, allowing beneficiaries of
19  negligently-drafted wills to sue the attorney drafter. See also *Lucas v. Hamm,* 56 Cal.2d 583 (1961).
20  More recent cases have narrowly construed *Biakanja* and *Lucas.* In both *Chang* and *Hall*, the
21  California appellate court sustained dismissals of the complaints of non-clients attempting to sue
22  attorneys, finding in each case that the attorney did not owe a duty to the plaintiff.

23  The court takes its guidance from *Biakanja* itself. The court held, at 650:

24  > The determination whether in a specific case the defendant will be held liable to a
   > third person not in privity is a matter of policy and involves a balancing of various
25  > factors, among which are the extent to which the transaction was intended to affect the
   > plaintiff, the foreseeability of harm to him, the degree of uncertainty that the plaintiff
26  > suffered injury, the closeness of the connection between the defendant's conduct and the

injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.

See also *Haldane v. Freedman,* 204 Cal.App.2d 475 (1962) and anno., "Attorneys - Liability to Third Parties," 45 A.L.R.3d 1181, 1193 ["[A]lthough privity of contract is no longer a prerequisite to recovery in California, a determination whether in a specific case an attorney would be held liable to a person other than his client for the consequences of his professional negligence is a matter of policy involving the balancing of various factors."]. Balancing appropriate factors, the court concludes that Chandler is not liable to plaintiffs for their disappointment.

First and foremost is the remoteness of Chandler from the failure to perfect the security interest. The Creditors' Committee was not a party to the negotiations between Colusa and the purchaser of its assets, nor was it a proponent of the plan of reorganization. If there was negligence, it was on the part of Colusa's counsel. Chandler did not have the right or the power to file a financing statement, nor was it his responsibility to do so. Plaintiffs allege that Chandler did not check to make sure that Colusa's counsel filed the statement properly, but the failure of an experienced commercial lawyer to file a financing statement is certainly not foreseeable. Applying plaintiff's theory of expanded duty would mean that each creditor has a cause of action against its own attorney and the attorneys of the others for failing to double-check the actions of Colusa's counsel.

Moreover, there are sound policies militating against holding counsel for a creditors' committee liable for failure to discover the negligence of debtor's counsel. An active creditors' committee represented by competent counsel is a blessing to a bankruptcy court, assisting the court in identifying issues and determining what actions are in the best interests of the bankruptcy estate. Such counsel usually serve without retainer, relying on confirmation of a plan or unencumbered estate assets for their fees; many are disappointed. The willingness of counsel to represent committees would certainly be chilled if they are to be held responsible for the failings of debtor's counsel. Thus, not only is there no moral blame attributable to Chandler's conduct, but more future harm would result from holding him liable than from exculpating him.

In California, the existence of a duty is a legal issue to be decided by the court. *Kahn v. East Side Union High School Dist.*, 31 Cal.4th 990, 1004 (2003). Applying state law, the court determines that Chandler did not have a duty to the individual creditors to insure that debtor's counsel properly filed the financing statement.

For the foregoing reasons, Chandler's motion to dismiss will be granted. Counsel for Chandler shall submit an appropriate form of order.

Dated: September 21, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

4