IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD K. SCHULTZE, LORENZO V. ZUNINO, ROBERT BECCHETTI, and RICHARD QUESTONI,

    Appellants,

v.

DAVID N. CHANDLER, SR, and DAVID N. CHANDLER, P.C.,

    Appellees.

No. C 11-4940 WHA

**ORDER AFFIRMING RULINGS OF BANKRUPTCY COURT**

## INTRODUCTION

In this legal malpractice action arising out a Title 11 proceeding, appellants appeal the bankruptcy court's finding of jurisdiction and order dismissing the action. For the reasons below, the decisions are **AFFIRMED**.

## STATEMENT

Appellants were investors in Colusa Mushroom, Inc., a California company that grew mushrooms for commercial sale. In August 2005, Colusa filed for Chapter 11 bankruptcy. Appellants alleged that to protect their investments in Colusa, they contacted defendant David Chandler, a bankruptcy attorney (Compl. ¶ 5). In September 2005, an Official Creditors Committee of unsecured creditors, composed of appellants and two other individuals and one business entity, was created pursuant to Bankruptcy Code Section 1102 (Compl. ¶ 6). As

1  chairman of the Committee, appellant Richard Schultze executed an application for permission to
2  employ Chandler as counsel for the Committee. Chandler's employment was approved by the
3  bankruptcy court pursuant to Bankruptcy Code Section 1103(a).

4  With the bankruptcy court's approval, a plan of reorganization was formed that required
5  Colusa to sell its business and assets to a third party, Premier. All unsecured creditors, including
6  appellants, were to receive pro rata shares of the proceeds. The sales price was paid in cash and a
7  promissory note, which was required to be secured against Colusa's assets. Premier and Colusa
8  agreed to use their respective counsel for purposes of closing escrow on the sale. This did not
9  include defendant Chandler. Counsel for Colusa failed to file the financing statement to secure
10 the promissory note, as required by the approved plan of reorganization (Compl. ¶ 13). Premier
11 paid the initial installments as provided by the terms of the note but defaulted four years later
12 in 2010. Because the note was not secured, Premier was able to take out additional loans on and
13 over-encumbered the assets of Colusa. Thus, appellants' interest in the promissory note was
14 worth significantly less than that intended under the reorganization plan (Compl. ¶ 15).

15 After the Colusa bankruptcy was reopened and converted to Chapter 7 (Br. 3), appellants
16 commenced action against Chandler and his law firm in state court for malpractice. Appellants
17 alleged that Chandler was negligent because he failed to ensure that the security was properly
18 perfected (Compl. ¶ 13).

19 Chandler removed the malpractice action to federal bankruptcy court on April 8, 2011.
20 Appellants moved to remand back to state court. Bankruptcy Judge Alan Jaroslovsky found that
21 there was federal jurisdiction for the malpractice action and denied appellants' motion to remand
22 (Bankruptcy Record Doc. 8). Subsequently, Judge Jaroslovsky dismissed the action because he
23 found that Chandler did not owe a duty to appellants (Bankruptcy Record Doc. 23). Appellants
24 challenge both rulings in this appeal.

**ANALYSIS**

26 The district court reviews the bankruptcy court's findings of fact under the clearly
27 erroneous standard and its conclusions of law de novo. Mixed questions of law and fact are
28 reviewed de novo. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010).

2

### 1. JURISDICTION.

Judge Jaroslovsky held that because appellants' malpractice claim was inseparable from the bankruptcy context, there was federal jurisdiction over the matter and it should be treated as a core proceeding (Bankruptcy Record Doc. 8).

A bankruptcy court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 USC 1334(b). Claims that arise under or in title 11 are deemed to be "core" proceedings, while claims that are related to title 11 are "noncore" proceedings. Core proceedings are matters that arise only in bankruptcy cases and would have no existence outside of the bankruptcy. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).

Appellants argue that their malpractice claim was not a core proceeding because malpractice was a creature of state law. They also argue that their claim is not related to the bankruptcy proceeding because it did not affect the debtor, other creditors, or the administration of the debtor's estate (Br. 8–9). This order disagrees.

Although appellant alleged a state law malpractice claim, the allegations supporting the claim were entirely unique to bankruptcy law and proceedings. Appellants were allegedly harmed because they were members of a Committee created pursuant to Bankruptcy Code Section 1102. The action was against Chandler, an attorney who was approved by the bankruptcy court to act as counsel for the Committee pursuant to Bankruptcy Code Section 1103(a). Chandler's role as attorney for the Committee was unique to bankruptcy law. *See* 11 USC 328–331 (Bankruptcy Code provisions describing the basis for compensation of appointed counsel). The sale of Colusa's assets to Premier was made pursuant to a plan approved by the bankruptcy court. Appellants were claiming damages for money they would have received under the bankruptcy plan had the promissory note been properly secured.

Appellants' malpractice claim arose out of the underlying Colusa bankruptcy and was a core proceeding.

### 2. MALPRACTICE.

Judge Jaroslovsky dismissed appellants' malpractice claim after holding that Chandler did not owe a legal duty under California law to the appellants (Bankruptcy Record Doc. 23 at 2). Specifically, Judge Jaroslovksy held that there were no attorney-client relationships between Chandler and the appellants individually, and after weighing the appropriate considerations, held that Chandler had no legal duty to appellants as non-client beneficiaries under the circumstances.

To state a claim for malpractice, a plaintiff must plead that the attorney had a duty to the plaintiff. Ordinarily, an attorney is liable only to his or her client. In exceptional situations, an attorney may have a duty to non-client beneficiaries if policy considerations weigh for the "imposition of liability under the circumstances." *Chang v. Lederman*, 172 Cal. App. 4th 67, 76 (2009). Among the considerations to be weighed include "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Id.* at 77.

At issue is the scope of Chandler's duty to appellants. Appellants argue that Chandler had a broad obligation to make sure the appellants' interests were adequately protected because Chandler and appellants, on an individual basis outside the Committee, had attorney-client relationships. Appellants contend that the attorney-client relationships were implied-in-fact, and the relationships continued even after the Committee was formed and Chandler became the attorney of record for the Committee. This order disagrees.

Appellants failed to plead sufficient factual allegations to plausibly claim that Chandler was acting as an attorney for the appellants individually *outside* his role as attorney for the Committee. Appellants did not pay or formally retain Chandler as an attorney prior to the Committee's formation (Reply Br. 8). Instead, the pleadings only alleged that appellants contacted Chandler before the Committee was formed and he "agreed to represent them" (Compl. ¶ 5). This conclusory allegation is insufficient to plausibly claim that Chandler had additional obligations to appellants *outside* his role as attorney for the Committee. Chandler was only paid

4

for his role as counsel for the Committee. The only written agreement between Chandler and appellants was for Chandler to act as counsel for the Committee. The bankruptcy court only authorized Chandler to act as counsel for the Committee (Compl. ¶ 7). Moreover, there is a strong presumption that "a professional retained by a committee represents the committee and only the committee, and the professional's fiduciary duty runs solely to committee." 7 COLLIER ON BANKRUPTCY, 1103.03[7]. Judge Jaroslovsky correctly found that Chandler was not appellants' lawyer.

As members of the Committee, appellants were non-client beneficiaries of Chandler's duties to the Committee. Nevertheless, Chandler had no legal duty to appellants under these circumstances because policy considerations weighed against the imposition of liability. It was unforeseeable that appellants would be harmed in the manner they alleged. Chandler's conduct, or non-conduct, was far removed from the alleged injury. There was no moral blame attached to Chandler's inaction. And public policy weighed against imposition of liability under the circumstances.

It was Colusa's counsel who failed to perfect the security interest in the promissory note. Judge Jaroslovsky found that it was not foreseeable that an experienced commercial lawyer, such as Colusa's counsel, would fail to file a financing statement (Bankruptcy Record Doc. 23 at 3). Chandler did not cause this failure and had no right or power to file a financing statement himself. Judge Jaroslovsky also found that there was no moral blame on Chandler for not double-checking the actions of Colusa's counsel (*see ibid.*). This order agrees.

Public policy disfavored applying a legal duty in this situation. As Judge Jaroslovsky observed, "an active creditors' committee represented by competent counsel is a blessing to a bankruptcy court, assisting the court in identifying issues and determining what actions are in the best interests of the bankruptcy estate." This is because "such counsel usually serve without retainer, relying on confirmation of a plan or unencumbered estate assets for their fees; many are disappointed" (Bankruptcy Record Doc. 23 at 3). Imposing a legal duty in this situation would chill the willingness of counsel to represent committees and harm future bankruptcy proceedings.

**CONCLUSION**

For the reasons stated, the bankruptcy court's finding of jurisdiction and order dismissing the action are **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: December 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE